FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

2001 DEC 21  P 2: 53

CLERK'S OFFICE
AT BALTIMORE

| | | |
|---|---|---|
| CURTIS RICARDO GORDON | : | |
| | : | |
| v. | : | CIVIL ACTION NO. L-01-3865 |
| | : | CRIMINAL NO. L-96-3865    DEPUTY |
| UNITED STATES OF AMERICA | : | |

..oOo..

### MEMORANDUM

Petitioner pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of marijuana, in violation of 21 U.S.C. § 846. On October 23, 1997, judgment was entered sentencing Gordon to one hundred twenty-one (121) months in the Federal Bureau of Prisons. *See United States v. Gordon*, Criminal No. L-96-0484, Paper No. 93. No appeal was filed.

On December 10, 2001,[1] Gordon filed this, his first 28 U.S.C. § 2255 motion to vacate, alleging that the indictment was jurisdictionally defective due to its failure to allege the quantity element as required under *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000).[2] In addition, petitioner raises an effective

---

[1] The petition was signed by Gordon on December 10, 2001 and filed in this Court on December 14, 2001. It shall be deemed to be filed on the December 10, 2001 signature date pursuant to the prison mailbox rule set out in *Houston v. Lack*, 487 U. S. 266, 272-73 (1988).

[2] In *Apprendi* the Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved

assistance claim, alleging that counsel failed to challenge the defective indictment and allowed him to receive a significant increase in his sentencing range.

28 U.S.C. § 2255 states that:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

This case represents Gordon's first 28 U.S.C. § 2255 motion attacking his 1997 conviction. As the criminal judgment became final in 1997, his motion is plainly time-barred under § 2255(1).

---

beyond a reasonable doubt." 120 S. Ct. at 2362-63. Several circuits have held that *Apprendi* states a new rule of constitutional law to be applied retroactively to all cases *pending on direct review or not yet final*. *See United States v. Anderson*, 236 F.3d 427, 429 (8th Cir. 2001); *United States v. Jones*, 235 F.3d 1231, 1235 (10th Cir. 2000); *Jones v. Smith*, 231 F.3d 1227, 1236 (9th Cir. Nov. 7, 2000).

To the extent that Gordon seeks to invoke the limitation provision found under § 2255(3), his case fares no better. Gordon's *Apprendi* claims are time-barred.

Again, § 2255(3) provides that the one-year limitation period for filing a motion to vacate will begin to run from: "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." On April 13, 2001, the United States Court of Appeals for the Fourth Circuit held that *Apprendi* claims are to be deemed procedurally defaulted on collateral review if (1) not preserved on direct appeal and (2) raised for the first time on collateral review, where such review is outside the one-year limitation period set forth under 28 U.S.C. § 2255(1). *See United States v. Sanders*, 247 F.3d 139, 145-46 (4th Cir.), *cert. denied*, 122 S.Ct. 573 (2001); *see also United States v. Smith*, 241 F.3d 546, 548-49 (7th Cir. 2001). The Fourth Circuit further held that a petitioner could not invoke the one-year limitation period of § 2255(3) in order to raise an *Apprendi* claim because the *Apprendi* ruling was not applicable retroactively to cases on collateral review.[3] *See Sanders*, 247 F.3d at 151.

---

[3]   In any event, by filing his motion on December 10, 2001, petitioner missed the one-year deadline under § 2255(3) for filing the *Apprendi* claims.

3

In conclusion, Gordon's claims must be considered time-barred and will not be addressed on the merits here.[4]   A separate Order shall be entered denying and dismissing the § 2255 motion to vacate with prejudice.

12/21/01
Date

Benson Everett Legg
United States District Judge

---

[4]      Although the one-year limitation period on seeking relief under § 2255 is subject to equitable tolling, *see United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000), equitable tolling applies only in "those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).   Petitioner provides no reasons for his late filing and indeed, there appears to be no grounds warranting tolling of the one-year limitation period.

4